```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEYSEAN L. KEYES,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     17-CV-1783(JS)(SIL)

NASSAU COUNTY POLICE DEPARTMENT,
et al.,

                    Defendants.
----------------------------------X
KEYSEAN L. KEYES,

                    Plaintiff,

          -against-                     17-CV-1784(JS)(SIL)

THE DEPARTMENT OF SOCIAL SERVICES,
et al.,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Keysean L. Keyes, pro se
                    P.O. Box 1812
                    Mineola, NY 11501

For Defendants:     No appearances.
```

SEYBERT, District Judge:

Pro se plaintiff Keysean L. Keyes ("Plaintiff") filed two more Complaints in this Court on March 22, 2017 and March 23, 2017 (the "New Complaints"). Plaintiff has a long history of frivolous litigation in this Court and has already had at least three in forma pauperis complaints sua sponte dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). See Keyes v. Nassau Cty. Ct. and

Supreme Ct., et al., 16-CV-4016; Keyes v. Sullivan, 16-CV-4989; Keyes v. Nassau Cty. Sheriff's Dep't, et al., 16-CV-5482; Keyes v. Nassau Cty. Corr. Facility, et al., 16-CV-5483; Keyes v. The Dist. Att'y, et al., 16-CV-5484; Keyes v. The People of the State of N.Y., 16-CV-5485; and Keyes v. Sullivan, 16-CV-5486 all of which have been dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[1] On June 13, 2017, Plaintiff filed an incomprehensible application for the appointment of pro bono counsel to represent her in 17-CV-1784.

---

[1] The Court notes that Plaintiff filed an additional fourteen (14) in forma pauperis complaints during the period October 5, 2016 through November 10, 2016. (See Keyes v. Armor Corr. Health, et al., 16-CV-5747; Keyes v. Nassau Cty. Ct., et al., 16-CV-5752; Keyes v. Fed. Dist. Ct., E.D.N.Y., et al., 16-CV-5753; Keyes v. Michael Sposato, et al., 16-CV-5755; Keyes v. Judge David Sullivan, et al., 16-CV-5757; Keyes v. Michael Sposato, et al., 16-CV-5990; Keyes v. Nassau Cty. Sheriff's Dep't, et al., 16-CV-5991; Keyes v. Nassau Cty. Sup. Ct., et al., 16-CV-5992; Keyes v. Edward Mangano, 16-CV-5993; Keyes v. David Sullivan, 16-CV-5994; Keyes v. Nassau Cty. Ct., et al., 16-CV-5995; Keyes v. Judge David Sullivan, et al., 16-CV-6226; Keyes v. Judge David Sullivan, et al., 16-CV-6310; and Keyes v. The Dep't of Soc. Svcs., 16-CV-6311). By Order dated December 30, 2016 in each case, the Court denied Plaintiff's applications to proceed in forma pauperis because Plaintiff had already accumulated three strikes and was thus barred from proceeding in forma pauperis. Each case has since been dismissed for failure to prosecute because Plaintiff did not remit the Court's filing fee. See Order, dated March 28, 2017 in each of the above cases.

I.  <u>The New Complaints are Dismissed Without Prejudice for Failure to Prosecute Pursuant to Federal Rule of Civil Procedure 41(b)</u>

The Prison Litigation Reform Act, 28 U.S.C. § 1915(g) ("PLRA"), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [<u>in forma pauperis</u>] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

However, the PLRA's three-strikes provision only applies to complaints filed by plaintiffs <u>while</u> they are incarcerated. <u>Coleman v. Tollefson</u>, --- U.S. ----, 135 S. Ct. 1759, 1761, 191 L Ed. 803 (2015) ("[A] special 'three strikes' provision prevents a court from affording <u>in forma pauperis</u> status **where the litigant is a prisoner** and he or she 'has, on 3 or more prior occasions, **while incarcerated** . . ., brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'") (emphasis added; quoting 28 U.S.C. § 1915(g)).

Here, Plaintiff has provided a P.O. Box address in Mineola, New York and does not allege that she was incarcerated at

3

th3 time the New Complaints were filed.[2] Accordingly, notwithstanding the fact that Plaintiff has already accumulated three-strikes under the PLRA, she is not barred from filing the New Complaints in forma pauperis.

However, Plaintiff did not remit the Court's filing fees, nor did she file applications to proceed in forma pauperis for the New Complaints. Accordingly, by Notice of Deficiency dated March 29, 2017 in each case (the "Notices"), Plaintiff was instructed to either remit the $400.00 filing fee for each case or to complete and return the enclosed applications to proceed in forma pauperis within fourteen (14) days from the date of the Notices. To date, the Court's Notices have not been returned and Plaintiff has not paid the fees, or filed the applications to proceed in forma pauperis, nor has she otherwise communicated with the Court about the New Complaints, other than her June 13, 2017 filing of an incomprehensible application for the appointment of pro bono counsel to represent her in 17-1784. Accordingly, Plaintiff's New Complaints are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

---

[2] Although Plaintiff indicates that her "[p]lace of present confinement" is "100 Carmen Street" at paragraph II of the Complaint in Docket Number 17-CV-1783, given that she also included a residential and P.O. Box address, and appeared in person to file the Complaint, the Court finds that Plaintiff was not incarcerated at the time of the filing of this Complaint.

II. <u>The All Writs Act</u>

Under the All-Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All-Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." <u>MLE Realty Assocs. v. Handler</u>, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. <u>See</u> <u>Malley v. N.Y. City Bd. of Educ.</u>, 112 F.3d 69 (2d Cir. 1997) (<u>per</u> <u>curiam</u>) (filing injunction may issue if numerous complaints filed are based on the same events); <u>In re Martin-Trigona</u>, 9 F.3d 226, 227-28 (2d Cir. 1993). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. <u>Moates v. Barkley</u>, 147 F.3d 207, 208 (2d Cir. 1998) (<u>per</u> <u>curiam</u>).

Plaintiff's instant actions, together with her twenty-one (21) prior Complaints filed in 2016 (<u>see</u> supra 1-2 and at note 1), suggest that Plaintiff may file a new, frivolous <u>in</u> <u>forma</u> <u>pauperis</u> complaint. However, Plaintiff's continued filing of incoherent, frivolous <u>in</u> <u>forma</u> <u>pauperis</u> complaints is an abuse of the judicial

5

process. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks and citation omitted) (alteration omitted).

The Court is especially cognizant of Plaintiff's pro se status and has considered her New Complaints in as positive light as possible. Nonetheless, the Court warns Plaintiff that similar, future complaints will not be tolerated. If Plaintiff persists in this course of action, the Court will require that Plaintiff first seek leave of Court before submitting such filings. In addition, the Court may direct the Clerk of the Court to return to Plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may sua sponte dismiss the case with prejudice.

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants . . ."), and should she file another incoherent, frivolous action, it is within the Court's authority to consider imposing sanctions upon her. See

FED. R. CIV. P. 11.

CONCLUSION

For the reasons set forth above, Plaintiff's New Complaints are sua sponte DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff is cautioned that similar, future complaints will not be tolerated. If Plaintiff persists in this course of action, the Court will require, under the All Writs Act, that Plaintiff first seek leave of Court before submitting such filings. In addition, the Court may direct the Clerk of the Court to return to Plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may sua sponte dismiss the case with prejudice. Further, the Court may impose sanctions against Plaintiff under Rule 11 of the Federal Rules of Civil Procedure. Given the DISMISSAL of the New Complaints, Plaintiff's application for the appointment of pro bono counsel to represent her in 17-CV-1784 is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to CLOSE these cases

and to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June __30__, 2017
      Central Islip, New York